**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**



**Dated: August 06, 2010**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-70173-CAG |
| | § | |
| DANNY LYLE BECKER, JR. and | § | CHAPTER 7 |
| PAMELA KAY BUSSELL BECKER, | § | |
|     Debtors. | § | |

| | | |
|---|---|---|
| KENNETH A. McCREADY, | § | ADV. NO. 09-07021- CAG |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DANNY LYLE BECKER, JR. and | § | |
| PAMELA KAY BUSSELL BECKER, | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
CREDITOR'S MOTION TO ALTER OR AMEND ORDER**

    Came on to be considered Plaintiff's Rule 60 Motion to Alter or Amend Order of March 15, 2010 filed on June 21, 2010. (Docket #115.) The Court finds that the Plaintiff's

Motion should be denied, and the compelled disclosure, and execution of HHSC and SSA waivers by Defendants, be disallowed.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) on which this Court can enter a final judgment. Venue is proper under 28 U.S.C. § 1409. This matter is referred to the Court under the District's Standing Order of Reference.

## BACKGROUND

The Plaintiff filed a motion on December 21, 2009 (docket #10) seeking to compel the Defendants to execute waivers authorizing the Texas Health & Human Services Commission ("HHSC") and the Social Security Administration ("SSA") to release information concerning the monetary amounts received by Defendants from these agencies. Defendants filed a response, and a hearing was held on February 23, 2010. Plaintiff stated in oral argument that he did not seek private health information, as he conceded that Defendants meet the statutory definition of "disability" for purposes of SSDI benefits, but instead asked the Court for compelled disclosure of information as it relates to the receipt of financial benefits. At the hearing the order was denied, and Order was entered on March 15, 2010. Plaintiff now petitions the Court for relief pursuant to Federal Rule of Civil Procedure 60 and U.S. Const. Amend. 5 to reconsider such order denying his motion to compel execution of HHSC and SSA waivers by Defendants.

## ANALYSIS

Rule 60 of the Federal Rules of Civil Procedure provides grounds for relief from a final judgment, order, or proceeding. A Court may relieve a party or its legal representative from a final judgment, order or proceeding if the moving party can show:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time

>  to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60.

The equitable power of bankruptcy courts to set aside orders is well established and is formalized in Bankruptcy Rule 9024, which makes Rule 60 applicable to bankruptcy cases. 11 U.S.C.A. Fed.R.Bank.P. 9024. Bankruptcy courts have substantial discretion in deciding what constitutes "cause" for reconsidering an allowed or disallowed claim. *In re Coffman*, 271 B.R. 492 (Bankr. N.D. Tex. 2002); *In re Pride Co., L.P.*, 285 B.R. 366 (Bankr. N.D. Tex. 2002).

Plaintiff claims this Court should alter or amend its prior judgment under Rule 60, because the order "denied Movant access to [the] information without citation to law." Arguably, Plaintiff believes that because this Court did not specifically cite law that it must be mistaken as to what the correct interpretation and application of law in this area should be. Plaintiff, however, has fallen privy to this exact error when he submitted a brief without citation to legal authority as to why his relief should be granted, and to what authority the Court had mistaken. The Fifth Circuit has held that only a 'fundamental misconception of the law' or 'judicial inadvertence' are correctable judicial mistakes under rule 60(b)(1). *See, e.g.,* **Lairsey v. Adv. Abrasives Co.**, 542 F.2d 928 (5th Cir. 1976) (court failing to follow controlling decisional law displays fundamental misconception of the law); **Meadows v. Cohen**, 409 F.2d 750 (5th Cir. 1969) (wrong time period used in calculating Social Security benefits amounts to judicial inadvertence). Plaintiff has not established any grounds or "cause" for which relief from judgment may be based, thus this Court must deny Plaintiff's Rule 60 Motion. In an abundance of caution, however, this Court will further address its reasons for denial of Plaintiff's motion on the merits.

The Privacy Act of 1974, 5 U.S.C. § 552a, establishes a code of fair information practice that governs the collection, maintenance, use, and dissemination of personally identifiable information about individuals that is maintained in systems of records by federal agencies. The purpose of the Privacy Act is to balance the government's need to maintain information about individuals with the rights of individuals to be protected against unwarranted invasions of their privacy. The Privacy Act prohibits the disclosure of information from a system of records absent the written consent of the subject individual, unless the disclosure is pursuant to one of twelve statutory exceptions. 5 U.S.C. § 552a. Information collected by the Texas Health and Human Services Commission, and the Social Security Administration, is protected under the Privacy Act. *Id.*

The Act also provides individuals with a means by which to seek access to and amendment of their records, and sets forth various agency record-keeping requirements. Texas privacy laws and the Public Information Act, with a few exceptions, also entitle persons who submit personal information to ask specifically the HHSC about the information collected on their forms, to receive and review their personal information, and to request that HHSC correct any inaccuracies in the personal information. HHSC lays out the procedures for requesting corrections in Title 1 of the Texas Administrative Code, sections 351.17 through 351.23. Both the HHSC and the SSA provide Waivers for release of Case Information that individuals may sign who wish such information to be disclosed to them. (HHSC form H1826 and SSA form SSA-3288.) Plaintiff asks this Court to compel Defendants to execute these waivers so that Plaintiff may receive information from the agencies that Defendants will not produce in discovery.

Under the Privacy Act, an agency may not disclose to a third party any nonexempt record contained in a system of records (Fed L § 103:4), unless the individual to whom the record pertains requests such disclosure in writing or consents in advance. 5 U.S.C.A. § 552a(b). An individual may not be required to sign a release permitting disclosure of information maintained in agency records to third parties unless it was constitutional for the agency to gather the information in the first place, and unless the release specifies the purpose of disclosure and the persons to whom disclosure may be made. *American Fed. of Gov't Employees, R.R. Retirement Bd. Council, AFL-CIO v. United States R.R. Retirement Bd*., 742 F. Supp. 450 (N.D. Ill. 1990).

A disclosure of personal records may be made without the consent of the subject individual when required pursuant to the order of a court[1] of competent jurisdiction. 5 U.S.C.A. § 552a(b)(11). A court may order the disclosure of an individual's relevant records under this provision of the Privacy Act, even though, under agency regulations, the consent of the subject would ordinarily be required. *See* **Christy v. United States.**, 68 F.R.D. 375, (N.D. Tex. 1975) (court could order discovery of a criminal record of an inmate who allegedly raped the plaintiff, even though the Bureau of Prisons replied that the information could not be disclosed without an authorization signed by the inmate). In assessing discovery requests under this rule, courts need only apply the ordinary relevancy standard set forth in FRCP 26(b)(1); thus, once a court determines that the information sought is relevant, the court can compel the party opposing the discovery request to furnish information, and the party seeking disclosure need not prove that its need for information outweighs the privacy interest of the individual to whom the information relates. In this situation, the court can determine whether disclosure would be a clearly

---

[1] The court must be a part of the judicial branch of the federal government. The Social Security Administration will not make disclosures under this provision based on orders of state courts. 20 C.F.R. § 401.180(b), (d).

5

unwarranted invasion of the subject's privacy, and can shape a protective order to forestall any misuse of the information. *Id*.

The Social Security Administration generally will disclose information in response to a subpoena or other court order if: (1) another provision specifically allows the disclosure; (2) the SSA, the Commissioner of the SSA, or any officer or employee of the SSA in his or her official capacity is properly a party in the proceeding; or (3) the information is necessary to ensure that an accused receives due process of law in a federal criminal proceeding. 20 C.F.R. § 401.180(e); *see* **Phoenix Ins. v. Phillips**, 2000 WL 680334 (E.D. La. 2000). In other circumstances, the SSA makes its decision regarding disclosure to a court by balancing the needs of the court with the need to preserve the confidentiality of the information. 20 C.F.R. § 401.180(f). Thus, the SSA tries to satisfy the needs of the courts while preserving the confidentiality of information, such that the SSA works with the presiding judge to provide only the minimal information necessary to the court, or to provide information only in camera, so that the information does not become public knowledge as part of the court records.

Plaintiff argues Defendants are liars and such information they provide through discovery concerning their financial information begs for official corroboration. In enacting the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), Congress specifically added a provision to the Bankruptcy Code to allow greater access to official financial information of Debtors. 11 U.S.C. § 521(e). Section 521 of the Bankruptcy Code provides a legitimate avenue to obtain Defendants' financial information to Plaintiff by allowing access to Debtor's petition, schedules, state of financial affairs, and federal income tax return. Thus, Plaintiff is able to seek financial information through alternative means that do not require an invasion of Defendants' privacy.

6

This Court heard oral argument regarding discovery requests in this case on July 13, 2010, when a hearing was held on Plaintiff's motion for default judgment for failure to comply with discovery. (Motion For Default Judgment Against All Defendants, Docket #109.) While discovery is conducted independent of the Court, a discussion before it on this matter led the Court to conclude that Defendants have complied with Plaintiff's discovery requests in this case and, as such, the Court denied the motion. While this Court is authorized to order discovery of confidential records, it must balance the public interest in avoiding harm from disclosure against the benefits of providing relevant evidence in civil litigation. Plaintiff has not demonstrated the relevancy of the information sought through the waivers, nor shown cause that further compelled disclosure of HHSC and SSA information is necessary. Without this, under FRCP 26(b)(1), there is a limited benefit for Plaintiff to be granted access to data that would be duplicative in nature, while the hardship to the Defendants' privacy rights would be severe. Thus, while this Court may have jurisdiction to grant such relief, it would be an abuse of discretion to order compelled disclosure of private information that is specifically protected under both State and Federal law in this case, particularly where the stated cause for such information has not been demonstrated.

## CONCLUSION

IT IS, THEREFORE, ORDERED that the Motion to Alter or Amend Order of March 15, 2010 shall be, and hereby is, DENIED.

# # #